THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK PRUITT, Appellant, v ANTHONY ZON, as Superintendent of Wende Correctional Facility, Respondent. [818 NYS2d 888]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), entered December 12, 2003 in a proceeding pursuant to CPLR article 70. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking habeas corpus relief on the ground that his court-appointed attorney was "unlawfully practicing law" at the time of petitioner's arraignment on a felony complaint for a double homicide in 1989. Petitioner contends that his attorney had pleaded guilty to a misdemeanor charge prior to accepting the assignment, which was limited to representing petitioner at the arraignment, and thus petitioner, in effect, was unrepresented at his arraignment. Supreme Court properly dismissed the petition inasmuch as petitioner's contention could have been raised on direct appeal or by way of a motion pursuant to CPL article 440 (*see People ex rel. Pitts v McCoy*, 11 AD3d 985 [2004], *lv denied*

4 NY3d 705 [2005]). In any event, petitioner's contention lacks merit. Pursuant to Judiciary Law § 90 (4) (c), an attorney convicted of a crime has 30 days in which to "file . . . with the appellate division of the supreme court[ ] the record of such conviction." The record establishes that petitioner's attorney was convicted of the misdemeanor on May 22, 1989 and petitioner's arraignment occurred on June 15, 1989, within that 30-day period. There is no indication in the record before us that petitioner's attorney was suspended from practice before the arraignment. Thus, petitioner has not established that his attorney was "unlawfully practicing law" at his arraignment. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Hayes, JJ.